# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FRANCISCO GOMEZ,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:09-cv-576-Orl-31GJK**

**UNITED FORMING, INC.,**

        **Defendant.**

_____

## ORDER

This matter came before the Court without oral argument upon consideration of Plaintiff's, Francisco Gomez ("Plaintiff"), Motion for Conditional Certification of a Collective Action (the "Motion") (Doc. 37), and Defendant's, United Forming, Inc. ("Defendant"), response in opposition thereto (the "Response") (Doc. 41).

### I

Plaintiff brought this Fair Labor and Standards Act ("FLSA")[1] suit on April 1, 2009, alleging, *inter alia*, that Defendant routinely failed to pay Plaintiff and other similarly situated employees their overtime pay in accordance with 29 U.S.C. §§ 207 and 215 (*see generally* Doc. 1). Specifically, Plaintiff alleges that Defendant routinely failed to compensate him and other construction laborers at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours per week (Doc. 1, ¶ 10).

---

[1] *See generally* 29 U.S.C. §§ 201 to 209.

Plaintiffs now move this Court to conditionally certify a collective action consisting of all present and former employees who worked as "laborers" for Defendant within the last three years (Doc. 37 at 1).

In its Response, Defendant contends that conditional certification is improper because: (1) the conclusory allegations in the affidavits submitted by three other putatively similarly situated employees do not support certification; (2) the named Plaintiff is not similarly situated to Defendant's other 3,200 employees; and (3) Plaintiff's claims are generally inappropriate for collective treatment because Defendant's time keeping practices vary not only from State to State and superintendent to superintendent, but also from job site to job site.

The Court addresses these issues, *infra*. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**II**

The decision to conditionally certify a collective FLSA action lies within the sound discretion of the Court. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). However, the Court "should satisfy itself" that there are similarly situated employees who desire to opt-in before certifying a collective action. *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

In pertinent part, 29 U.S.C. § 216 provides:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action

> unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Within the Eleventh Circuit, district courts are encouraged but not required to adopt a two-tiered approach to certification of classes in an FLSA case. *Hipp*, 252 F.3d at 1219 (11th Cir. 2001). Under this two-tiered approach, the court's initial decision to certify a collective action often comes early in the case. At the first tier, the Court's certification decision is based primarily on pleadings and affidavits, and the Court applies a "fairly lenient standard" in determining whether the plaintiffs are similarly situated. *Anderson v. Cagle's Inc.*, 488 F.3d 945, 953 (11th Cir. 2007).

The named plaintiff carries the burden of demonstrating that notice of the action should be given to other employees. Although this burden is low and can often be met by "detailed allegations supported by affidavits," *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996), it is not "invisible" and cannot be based on the conclusory allegations of a few employees. *Brooks v. Rainaldi Plumbing, Inc.*, Case No. 06-CV-631, 2006 WL 3544737, at * 2 (M.D. Fla. Dec. 8, 2006); *see also Simpkins v. Pulte Home Corp.*, Case No. 08-CV-130, 2008 WL 3927275, at * 2 (M.D. Fla. Aug. 21, 2008). At a minimum, the named plaintiff should offer affidavits or declarations of consent to join by other individuals stating they are similarly situated and wish to join the suit. *See*, *e.g.*, *Sanchez v. Ocwen Loan Servicing, LLC*, Case No. 06:06-CV-1811, 2007 WL 809666, at *2 (M.D. Fla. Mar. 15, 2007).

**III**

Notwithstanding the fact that Plaintiff is apparently attempting to certify a nationwide class consisting of thousands of "laborers," Plaintiff has filed only three affidavits from individuals averring that they are or were similarly situated employees who want to join this suit. All three affiants are Plaintiff's relatives and each affidavit is a formulaic recitation that mimics Plaintiff's own affidavit (*see generally* Docs. 40-2 to 40-5). Furthermore, Plaintiff has not included a single affidavit from a similarly situated employee who worked on a job site other than Defendant's job site in Orlando, Florida. These deficiencies are fatal to Plaintiff's Motion and must be cured before any collective action can proceed.

In order to proceed collectively, Plaintiff must first offer some evidence, other than the conclusory statements in the present affidavits, that there are similarly situated employees[2] – other than Plaintiff's own family members – who want to join this action. This evidence needs to include some indicia that Plaintiff's job requirements and pay provisions were similar to others in the class (including, for example, that employees worked for the same superintendent or at the same job site).

Second, in order to proceed collectively on a nationwide basis, Plaintiff must offer some concrete evidence that the job requirements and pay provisions of Defendant's employees at sites

---

[2] It is unclear exactly what position Plaintiff and three other putatively similarly situated employees held when they worked for Defendant. Although Plaintiff's present Motion attempts to certify a class of "laborers," each affiant identified himself as a "carpenter." As Defendant points out in its Response, however, it employs individuals as, *inter alia*, either "Laborers" or "Carpenters" (Doc. 41 at 4). These positions appear to be mutually exclusive. Accordingly, Plaintiff should limit the focus of an amended motion to one position or the other.

located outside of Orlando, Florida were similar to those at other offices or sites.[3] Based on the present affidavits, the only three individuals interested in joining this suit worked out of Defendant's Orlando office or at Defendant's Orlando job site. There is simply no evidence concerning Defendant's other offices, job sites, or Defendant's pay policies at those other offices or sites.

Finally, Plaintiff must address the extent to which individualized inquires into each employee's day-to-day activities may be necessary in this case. As Defendant indicated in its response, Defendant's time keeping practices vary from superintendent to superintendent and from site to site. Neither Plaintiff nor the three present affiants have identified their superintendent(s) or averred how their time was kept. Assuming there are fact-specific inquires regarding the manner in which each employee's time was kept, this case may not be appropriate for collective treatment.

**IV**

For the foregoing reasons, it is **ORDERED** that Plaintiff's Motion for Conditional Certification of a Collective Action (Doc. 37) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 15, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[3]Alternatively, Plaintiff may restrict the class to Defendant's Orlando office/job site(s).